## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| **LABORERS' PENSION FUND and** | ) | |
| **LABORERS' WELFARE FUND OF THE** | ) | FILED: JUNE 30, 2008 |
| **HEALTH AND WELFARE DEPARTMENT** | ) | 08CV3728 |
| **OF THE CONSTRUCTION AND GENERAL** | ) | JUDGE MORAN |
| **LABORERS' DISTRICT COUNCIL OF** | ) | MAG. JUDGE COX |
| **CHICAGO AND VICINITY, and JAMES S.** | ) | J. N. |
| **JORGENSEN, Administrator of the Funds,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | Case No. |
| **v.** | ) | |
| | ) | |
| **BONGI CONSTRUCTION CORPORATION an** | ) | |
| **Illinois corporation, and BARRACUDA, LLC a** | ) | |
| **voluntarily dissolved Illinois limited liability** | ) | |
| **company, and GREGORY F. BONGIOVANNI,** | ) | |
| **individually, and PHILIP V. BONGIOVANNI,** | ) | |
| **individually,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

Plaintiffs, Laborers' Pension Fund and Laborers' Welfare Fund of the Health and

Welfare Department of the Construction and General Laborers' District Council of

Chicago and Vicinity, and James S. Jorgensen, Administrator of the Funds (hereinafter

collectively "Funds"), by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Christina

Krivanek, Amy N. Carollo, and Charles Ingrassia, for their Complaint against Defendants

Bongi Construction Corporation, an Illinois corporation, and Barracuda, LLC, a

voluntarily dissolved Illinois limited liability company, and Gregory F. Bongiovanni,

individually, and Philip V. Bongiovanni, individually, state:

## COUNT I

### (Failure To Pay Employee Benefit Contributions)

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), 28 U.S.C. §1331, federal common law, and the court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.     The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.     Plaintiff James S. Jorgensen is the Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Jorgensen is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Bongi Construction Corporation (hereinafter "Company 1"), is

an Illinois corporation.  Company 1 did and does business within this District and was at

all times relevant herein an employer within the meaning of Section 3(5) of ERISA, 29

U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      Defendant Barracuda, LLC, (hereinafter "Company 2"), is a voluntarily

dissolved Illinois limited liability company.  Company 2 voluntarily dissolved on March

17, 2008.  Company 2 did and does business within this District and was at all times

relevant herein an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C.

§1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

7.      The Union is a labor organization within the meaning of 29 U.S.C.

§185(a). The Union and Company 1 have been parties to successive collective bargaining

agreements, the most recent of which became effective June 1, 2006.  ("Agreement").  (A

copy of the "short form" Agreement entered into between the Union and Company 1

which Agreement adopts and incorporates Master Agreements between the Union and

various employer associations, and also binds Company 1 to the Funds' respective

Agreements and Declarations of Trust is attached hereto as Exhibit A.)

8.      On March 6, 2001, Company 1 terminated the collective bargaining

agreement effective May 31, 2001.  Through Company 1's course of conduct, it bound

itself to the successive collective bargaining agreements and Funds Agreements and

Declarations of Trust by

a.      submitting and paying 60 monthly benefits reports to Funds from

June 1, 2001 through January, 2006; all of which included the following

certification language:

3

EMPLOYER"S WARRANTY AND ACCEPTANCE: The undersigned employer hereby warrants that this report accurately states all hours worked by all laborers in its employ. In addition, the employer hereby agrees to be bound to the terms of the current collective bargaining agreement executed between the Construction and general Laborers' District Council of Chicago and Vicinity and the relevant Multi Employer Associations. Further, the undersigned hereby expressly accepts and agrees to be bound by the trust agreements governing Laborer's Pension and Welfare, et al., and accepts all of the terms thereof with the intention of providing benefits to its laborers.

b.     permitting the Funds to audit its books and records to determine benefit contribution compliance through December 31, 2001 and paying delinquencies revealed by that audit;

c.     permitting the Funds to audit its books and records to determine benefit contribution compliance for the time period of January 1, 2002 through September 30, 2005 and paying delinquencies revealed by that audit; and

d.     permitting the Funds to audit its books and records to determine benefit contribution compliance for the time period of October 1, 2005 through December 31, 2007.

9.     The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Chicago Area Independent Construction Association ("CAICA"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"),

and the Laborers' District Council Labor Management Committee Cooperative

("LDCLMMC"), to act as an agent in the collection of contributions due to those funds.

10.    The Agreement and the Funds' respective Agreements and Declarations of

Trust obligate Company 1 to make contributions on behalf of its employees covered by

the Agreement for pension benefits, health and welfare benefits, for the training fund and

to submit monthly remittance reports in which Company 1, *inter alia*, identifies the

employees covered under the Agreement and the amount of contributions to be remitted

to the Funds on behalf of each covered employee.  Pursuant to the terms of the

Agreement and the Funds' respective Agreements and Declarations of Trust,

contributions which are not submitted in a timely fashion are assessed 10 percent

liquidated damages, and 20 percent as of June 1, 2007, plus interest.

11.    The Agreement and the Funds' respective Agreements and Declarations of

Trust require Company 1 to submit its books and records to the Funds on demand for an

audit to determine benefit contribution compliance.

12.    The Agreement obligates Company 1 to obtain and maintain a surety bond

to insure future wages, pension and welfare contributions.

13.    Notwithstanding the obligations imposed by the Agreement and the

Funds' respective Agreements and Declarations of Trust, Company 1 has performed

covered work during the months of February, 2007 forward and has:

(a)    failed to submit reports and contributions to Plaintiff Laborers' Pension

Fund for the period of February, 2007 forward, thereby depriving the Laborers' Pension

Fund of contributions, income and information needed to administer the Fund and

jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to submit reports and contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of February, 2007 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to submit reports and contributions to Laborers' Training Fund for the period of February, 2007 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)     failed to report and pay all contributions owed to one or more of the other affiliated funds identified above for the period of February, 2007 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(e)     failed to obtain a surety bond.

14.     Company 1's actions in failing to make timely reports and contributions, and failing to obtain a bond violate Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA.  29 U.S.C. §185.

15.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, Company 1 is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, reasonable

attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Bongi Construction Corporation:

a.    ordering Company 1 to submit benefits reports and contributions for the time period of February, 2007 forward;

b.    entering judgment in sum certain against Defendant on the amounts due and owing pursuant to the February, 2007 forward benefits reports and contributions, including interest, liquidated damages, and attorneys' fees and costs; and

c.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT II

### (Failure To Pay Union Dues)

16.    Plaintiffs reallege paragraphs 1 through 15 as though fully set forth herein.

17.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which should have been or have been deducted from the wages of covered employees.

18.    Notwithstanding the obligations imposed by the Agreement, Company 1 has failed to withhold and/or report to and forward union dues that were deducted or should have been deducted from the wages of its employees for the period of February, 2007 forward, thereby depriving the Union of income and information.

19.    Pursuant to the Agreement, Company 1 is liable to the Funds for the unpaid union dues, as well as liquidated damages, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant Bongi Construction Corporation:

a.    ordering Company 1 to submit benefits reports and contributions for the time period of February, 2007 forward;

b.    entering judgment in sum certain against Company 1 on the amounts due and owing pursuant to the February, 2007 forward dues reports to be submitted, including liquidated damages, and attorneys' fees and costs; and

b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT III

### (Alter Ego Liability)

20.    Plaintiffs reallege paragraphs 1 through 19 as though fully set forth herein.

21.    Defendant Company 2 is an alter ego of Company 1. Company 2 used and uses the same equipment formerly and currently used by Company 1; used and uses the same employees formerly and currently employed by Company 1; performed and performs the same type of work formerly and currently performed by Company 1; operates its business from the same location formerly and currently used by Company 1; uses the same phone number formerly and currently used by Company 1; is managed by and/or had its work supervised by the same personnel who managed and/or supervised

and manage and/or supervise the work performed by Company 1; Company 2 uses the same financial institution as Company 1; Company 2 has commingled funds with Company 1 and paid debt of Company 1;  Company 2 used and uses the same accountant that Company 1 did and does; Company 2 permitted the Funds, pursuant to the Agreement and Funds' respective Trust Agreements, to conduct a benefit contribution compliance audit.

22.    Gregory F. Bongiovanni and Philip V. Bongiovanni are the owners of Defendants Company 1 and Company 2.

23.    Gregory F. Bongiovanni and Philip V. Bongiovanni direct, control, and manipulate the activities of Company 1 and Company 2.

24.    Company 2 was formed by Gregory F. Bongiovanni and Philip V. Bongiovanni to avoid Company 1's obligations under the Agreement and the Funds' Agreements and Declarations of Trust.

25.    Company 2 was incorporated in the state of Illinois on February 13, 2004 and has the same Registered Agent, Francis J. Bongiovanni as Company 1.

26.    As an alter ego of Company 1, Company 2 is bound to the terms of the Agreement and the Funds' respective Trust Agreements and therefore liable for Company 1's debts to the Funds.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendants Bongi Construction Corporation and Barracuda, LLC as follows:

(a)    Finding that Barracuda, LLC is an alter ego of Bongi Construction Corporation and bound to the Agreement and Funds' respective Trust Agreements;

(b)    Finding that Barracuda, LLC and Bongi Construction Corporation are

jointly and severally liable to the Funds for the delinquent contributions, dues, interest, liquidated damages and attorneys' fees and court costs as set forth in Counts I and II; and

(c)    Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT IV

### (Single Employer Liability)

27.    Plaintiffs reallege paragraphs 1 through 26 as though fully set forth herein.

28.    Defendant Company 2 is a single employer with Company 1. Company 2 used and uses the same equipment formerly and currently used by Company 1; used and uses the same employees formerly and currently employed by Company 1; performed and performs the same type of work formerly and currently performed by Company 1; operates its business from the same location formerly and currently used by Company 1; uses the same phone number formerly and currently used by Company 1; is managed by and/or had its work supervised by the same personnel who managed and/or supervised and manage and/or supervise the work performed by Company 1; Company 2 uses the same financial institution as Company 1; Company 2 has commingled funds with Company 1 and paid debt of Company 1; Company 2 used and uses the same accountant that Company 1 did and does; Company 2 permitted the Funds, pursuant to the Agreement and Funds' respective Trust Agreements, to conduct a benefit contribution compliance audit.

29.    Gregory F. Bongiovanni and Philip V. Bongiovanni are the owners of Defendants Company 1 and Company 2.

30. Gregory F. Bongiovanni and Philip V. Bongiovanni direct, control, and manipulate the activities of Company 1 and Company 2.

31. Company 2 was formed by Gregory F. Bongiovanni and Philip V. Bongiovanni to avoid Company 1's obligations under the Agreement and the Funds' Agreements and Declarations of Trust.

32. Company 2 was incorporated in the state of Illinois on February 13, 2004 and has the same Registered Agent, Francis J. Bongiovanni as Company 1.

33. As a single employer with Company 1, Company 2 is bound to the terms of the Agreement and the Funds' respective Trust Agreements and therefore liable for Company 1's debts to the Funds.

WHEREFORE, Plaintiffs respectfully request this Court to enter judgment against Defendants Bongi Construction Corporation and Barracuda, LLC as follows:

(a) Finding that Barracuda, LLC is a single employer with Bongi Construction Corporation and bound to the Agreement and Funds' respective Trust Agreements;

(b) Finding that Barracuda, LLC and Bongi Construction Corporation are jointly and severally liable to the Funds for the delinquent contributions, dues, interest, liquidated damages and attorneys' fees and court costs as set forth in Counts I and II; and

(c) Granting all such other legal and equitable relief as the Court deems just and proper.

## COUNT V

### (Failure to Pay Employee Benefits Contributions as Revealed by an Audit)

34.    Plaintiffs reallege paragraphs 1 through 33 as though fully set forth herein.

35.    Company 1 and Company 2 permitted the Funds to conduct an audit to determine benefit contribution compliance. A true and accurate copy of the audit is attached hereto as Exhibit B. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, Company 1 and Company 2 performed covered work during the audit period of January 1, 2004 through December 31, 2007; Company 1 and Company 2 failed to keep books and records that identified hours worked and hourly rate of compensation; and Company 1 and Company 2 have:

(a)    failed to report and pay contributions in the amount of $113,754.19 owed to Plaintiff Laborers' Pension Fund for the audit period of January 1, 2004 through December 31, 2007, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)    failed to report and pay contributions in the amount of $178,452.10 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of January 1, 2004 through December 31, 2007, thereby depriving the Welfare Fund of contributions, income and information needed to

administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)    failed to report and pay contributions in the amount of $4,596.44 owed to Laborers' Training Fund for the period of January 1, 2004 through December 31, 2007, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(d)    failed to report and pay contributions in the amount of $2,992.35 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") for the audit period of January 1, 2004 through December 31, 2007, thereby depriving the LDCLMCC of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(e)    failed to report and pay contributions in the amount of $778.23 owed to Laborers' MCIAF Fund ("MCIAF") for the audit period of January 1, 2004 through December 31, 2007, thereby depriving the MCIAF of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f)    failed to report and pay contributions in the amount of $1,092.10 owed to Chicago Area Independent Construction Association ("CAICA") for the audit of January 1, 2004 through December 31, 2007, thereby depriving the LECET of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries

(g)     failed to report and pay contributions in the amount of $1,246.82

owed to Laborers' Employers' Cooperation and Education Trust ("LECET") for

the audit of January 1, 2004 through December 31, 2007, thereby depriving the

LECET of contributions, income and information needed to administer the Fund

and jeopardizing the benefits of the participants and beneficiaries; and

(h)     failed to report and pay contributions in the amount of $111.18

owed to CISCO Uniform Drug/Alcohol Abuse Program ("CISCO") for the audit

of January 1, 2004 through December 31, 2007, thereby depriving the CISCO of

contributions, income and information needed to administer the Fund and

jeopardizing the benefits of the participants and beneficiaries

36.     Under the terms of the Agreements and the Funds' respective Agreements

and Declarations of Trust, Company 1 and Company 2 owe liquidated damages plus

interest on all unpaid contributions.  Accordingly, Company 1 and Company 2 owe

$15,759.67 in liquidated damages to the Pension Fund, $23,997.06 in liquidated damages

to the Welfare Fund, $629.48 in liquidated damages to the Training Fund, $299.24 in

liquidated damages to the LDCLMCC Fund, $77.82 in liquidated damages to the MCIAF

Fund, $109.21 in liquidated damages to the CAICA Fund, $124.68 in liquidated damages

to the LECET Fund, and $11.12 in liquidated damages to the CISCO Fund, plus interest,

on the unpaid contributions for the period of January 1, 2004 through December 31,

2007.  A true and accurate copy of the audit summary sheet detailing the liquidated

damages is attached hereto as Exhibit B-1.

37.     Under the terms of the Agreement and the Funds' respective Agreements

and Declarations of Trust, Company 1 and Company 2 are liable for the costs of any

audit which reveals unpaid contributions. Accordingly, Company 1 and Company 2 owe the Funds $1,305.50 in audit costs for the audit for the period of January 1, 2004 through December 31, 2007. See Exhibit B-1.

38.     Company 1 and Company 2's actions in failing to submit payment upon an audit to which they submitted their books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

39.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, and the terms of the Agreement and the Funds' respective Trust Agreements, Company 1 and Company 2 are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, interest, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Bongi Construction Corporation and Barracuda, LLC, joint and severally:

a.     entering judgment in sum certain in favor of the Funds and against Company 1 and Company 2 on the amounts due and owing pursuant to the audit for the period of January 1, 2004 through December 31, 2007 including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.     awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

## COUNT VI

### (Failure to Pay Union Dues as Revealed by an Audit)

40.    Plaintiffs reallege paragraphs 1 through 39 as though fully set forth herein.

41.    Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

42.    Notwithstanding the obligations imposed by the Agreement, Company 1 and Company 2 performed covered work during the audit period and Company 1 and Company 2 failed to withhold and/or submit payment of $16,162.34 in union dues that were or should have been withheld from the wages of employees for the period of January 1, 2004 through December 31, 2007, thereby depriving the Union of information and income.  See Exhibit B.

43.    Pursuant to the Agreement, Company 1 and Company 2 owe liquidated damages on all late or unpaid dues.  Accordingly, Company 1 and Company 2 owe $1,616.23 in liquidated damages for the unpaid union dues revealed as due and owing on the audit as well as audit costs, and liquidated damages on the unpaid dues, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.  See Exhibit B-1.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendants Bongi Construction Corporation and Barracuda, LLC:

a.      entering judgment in sum certain in favor of the Funds and against Company 1 and Company 2 on the amounts due and owing pursuant to the audit for the period of January 1, 2004 through December 31, 2007 including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.


## COUNT VII

### (Piercing the Corporate Veil as to Gregory F. Bongiovanni)

44.      Plaintiffs reallege paragraphs 1 through 43 as though fully set forth herein.

45.      Gregory F. Bongiovanni commingled Company 1 and Company 2's assets with his own assets.

46.      Gregory F. Bongiovanni diverted assets from Company 1 to Company 2 to perform covered work and avoid union obligations.

47.      Gregory F. Bongiovanni was personally enriched from disregarding the corporate identity of Company 1 and Company 2.

48.      Gregory F. Bongiovanni failed to maintain arm's length relationship among Company 1 and Company 2 in that he operated and operates both Company 1 and Company 2 out of the same office, used and uses the same phone numbers for Company 1 and Company 2, and subcontracted and subcontracts work from Company 1 to Company 2.

49.      Company 1 and Company 2 are undercapitalized in that both are unable to pay the contributions, dues and wages owed to their employees and to Funds.

50.    Gregory F. Bongiovanni intended to and did commit a fraud on Funds by depriving eligible laborers and their dependents of pension and welfare benefits.

51.    Gregory F. Bongiovanni knew the risk he was taking and to lessen his liability, he structured Company 2 as an LLC.

52.    Gregory F. Bongiovanni voluntarily dissolved Company 2 after Funds found Company 2 performing covered work using Company 1's assets and demanded an accounting.

53.    Gregory F. Bongiovanni obtained a multi-year contract for Company 1 and Company 2 that involved holding Company 1 out as a union company and then using Company 2 to perform the covered work at a cheaper rate.  Said contract involves performing covered work in residential areas and will continue through the year 2010.

54.    Gregory F. Bongiovanni poses a risk to the public in that to further monetarily benefit from his actions, he is purposefully using individuals untrained in safety to perform public utility maintenance and who will necessarily be working in and around high-voltage electrical lines and using potential injury-causing equipment in and around homes and sidewalks.

55.    Gregory F. Bongiovanni disregarded the corporate form of Company 1 and Company 2 to such an extent that the distinct identities of Company 1, Company 2, and Gregory F. Bongiovanni no longer exist.  Further, Gregory F. Bongiovanni has been personally enriched from disregarding the corporate identities of both companies to the extent that adhering to the corporate existence of the companies would sanction a fraud or promote an injustice.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Gregory F. Bongiovanni as follows:

a.    piercing the corporate veil and finding Gregory F. Bongiovanni personally liable for the delinquent amounts owed by Bongi Construction Corporation and Barracuda, LLC to the Plaintiffs; and

b.    awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate

## COUNT VIII

### (Piercing the Corporate Veil as to Philip V. Bongiovanni)

56.    Plaintiffs reallege paragraphs 1 through 55 as though fully set forth herein.

57.    Philip V. Bongiovanni commingled Company 1 and Company 2's assets with his own assets.

58.    Philip V. Bongiovanni diverted assets from Company 1 to Company 2 to perform covered work and avoid union obligations.

59.    Philip V. Bongiovanni was personally enriched from disregarding the corporate identity of Company 1 and Company 2.

60.    Philip V. Bongiovanni failed to maintain arm's length relationship among Company 1 and Company 2 in that he operated and operates both Company 1 and Company 2 out of the same office, used and uses the same phone numbers for Company 1 and Company 2, and subcontracted and subcontracts work from Company 1 to Company 2.

61.    Company 1 and Company 2 are undercapitalized in that both are unable to pay the contributions, dues and wages owed to their employees and to Funds.

62.    Philip V. Bongiovanni intended to and did commit a fraud on Funds by depriving eligible laborers and their dependents of pension and welfare benefits.

63.    Philip V. Bongiovanni knew the risk he was taking and to lessen his liability, he structured Company 2 as an LLC.

64.    Philip V. Bongiovanni voluntarily dissolved Company 2 after Funds found Company 2 performing covered work using Company 1's assets and demanded an accounting.

65.    Philip V. Bongiovanni obtained a multi-year contract for Company 1 and Company 2 that involved holding Company 1 out as a union company and then using Company 2 to perform the covered work at a cheaper rate.  Said contract involves performing covered work in residential areas and will continue through the year 2010.

66.    Philip V. Bongiovanni poses a risk to the public in that to further monetarily benefit from his actions, he is purposefully using individuals untrained in safety to perform public utility maintenance and who will necessarily be working in and around high-voltage electrical lines and using potential injury-causing equipment in and around homes and sidewalks.

67.    Philip V. Bongiovanni disregarded the corporate form of Company 1 and Company 2 to such an extent that the distinct identities of Company 1, Company 2, and Gregory F. Bongiovanni no longer exist.  Further, Gregory F. Bongiovanni has been personally enriched from disregarding the corporate identities of both companies to the extent that adhering to the corporate existence of the companies would sanction a fraud or promote an injustice.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Philip V. Bongiovanni as follows:

a.      piercing the corporate veil and finding Philip V. Bongiovanni personally liable for the delinquent amounts owed by Bongi Construction Corporation and Barracuda, LLC to the Plaintiffs; and

b.      awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

June 30, 2008                                          Laborers' Pension Fund, et al.


                                                      /s/ Jerrod Olszewski
                                                      Jerrod Olszewski




Patrick T. Wallace
Jerrod Olszewski
Christina Krivanek
Amy N. Carollo
Charles Ingrassia
Office of Fund Counsel
111 W. Jackson Blvd.
Suite 1415
Chicago, IL  60604
(312) 692-1540



HEADQUARTERS OF *20446*

# Construction & General Laborers'
## District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O.

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • TELEPHONE: 237-7537

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1002, 1006, 1035, 1092, 1094 *822*

Joseph A. Lombardo, Jr
Secretary-Treasurer

## MEMORANDUM OF JOINT WORKING AGREEMENT

Ernest Kumerow
President Business Manager

*Bongi Constr Corporation*

It is hereby stipulated and agreed by and between _____ hereincalled the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 260, 269, 288, 582, 681, 1001, 1002, 1006, 1035, 1092, and 1094, and encompassing the geographical areas of the Counties of Cook, Lake, Du Page, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. Employer, in response to the Union's claim that it represents an uncoerced majority of each Employer's laborer employees, acknowledges and agrees that there is no good faith doubt that the Union has been authorized to and in fact does represent such majority of laborer employees. Therefore, the Union is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board Certified Election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, the Illinois Road Builders Association, the Underground Contractors Association, Mason Contractors Association of Greater Chicago, Street Paving and Ground Separation Contractors, Chicagoland Association of Wall and Ceiling Contractors, Chicago Building Wreckers Association, Lumber Trade Association, Lake County Contractors Association, Lake County Paving Contractors Association and Sewer Contractor Association, Association of Wall and Ceiling Contractors of Lake County, and all other associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1976, together with all amendment thereto. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the agreement of the local UNION is herein specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local agreement having to do with wages, benefits, or conditions of employment. Nothing herein shall limit the jurisdiction of this agreement to less than that provided in this Memorandum of Agreement.

3. The EMPLOYER agrees to pay the amounts which (he) (it) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS' PENSION FUND, and to become bound by and be considered a party to the Agreements and the Declaration of Trust creating said Trust Funds as if (he) (it) had signed the original copies of the Trust instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees designated in the manner provided in said Agreements and Declaration of Trust and with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare and Pension Funds were made by duly authorized agents of the EMPLOYER at the proper rates for the appropriate periods of time and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the report form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Memorandum of Agreement shall retain all the work traditionally performed by laborers. The EMPLOYER agrees that he will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER who contracts out or sublets any of the work coming within the jurisdiction of the UNION shall assume the obligations of any subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER's violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management, or operation of the EMPLOYER's business by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and transferees of the EMPLOYER, whether corporate or otherwise.

6. The negotiated wage and fringe benefit contribution rates in the various collective bargaining agreements are as follows:

| | | |
|---|---|---|
| June 1, 1988 | $15.05 per hour | Wages |
| | 1.37 per hour | Health & Welfare Fund |
| To | 1.30 per hour | Pension Fund |
| | .10 per hour | Training Fund |
| | .02 per hour | M.C.I.A.F. |
| May 31, 1989 | Dues Deductions are $0.20 per hour for each hour worked. | |
| June 1, 1989 | A Seventy five Cent (.75¢) per hour increase to be allocated between wages and benefits. | |
| | One Cent (.01¢) per hour Chicagoland Construction Safety Council. | |
| To | Welfare and Pension remain as above unless additions are allocated. | |
| | Training remain as above unless additions are allocated. | |
| | M.C.I.A.F. remain as above. | |
| May 31, 1990 | Dues deductions are $0.20 per hour unless notified of an increase. | |
| June 1, 1990 | A Seventy Five Cent (.75¢) per hour increase to be allocated between wages and benefits. | |
| | Welfare and Pension remain as above unless additions are allocated. | |
| To | Training remain as above unless additions are allocated. | |
| | M.C.I.A.F. and Chicagoland Construction Safety Council remain as above. | |
| May 31, 1991 | Dues deductions are $0.20 per hour unless notified of an increase. | |

All additional wage rate, dues checkoff, or fringe benefit increases as negotiated after May 31, 1991 shall be incorporated in this Memorandum of Agreements.

7. Effective June 1, 1988 all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by said contracts, working dues in the amount of Twenty Cents ($.20¢) for each straight-time hour worked and Twenty Cents ($.20) for each overtime hour worked, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whose wages said dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c) (4) of the Labor Management Relations Act of 1947, as amended, and that such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect from the date hereof until May 31, 1991 and shall continue thereafter unless there has been given not less than sixty (60) days nor more than ninety (90) days from the expiration date written notice by registered or certified mail by either party of the desire to modify and amend this Agreement through Negotiations. In the absence of such notice, the EMPLOYER agrees to be bound by the area-wide collective bargaining contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract.

10. The employer acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The employer further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at *Palatine* this *8* day of *Feb* 19 *89*

ACCEPTED:

Laborers Local Union No. _____

By *Joseph Lanin Rec-Sec*

CONSTRUCTION AND GENERAL LABORERS'
DISTRICT COUNCIL OF CHICAGO AND VICINITY

By *Ernest Kumerow*
Ernest Kumerow, President    Business Manager

By *Joseph A. Lombardo, Jr.*
Joseph A. Lombardo, Jr. Secretary-Treasurer

*Bongi Construction Corporation*
(Company)

By *Gregory Dongiovanni, Pres.*
(Name and Title — Please Print)

*Gregory Dongiovanni*
(Signature)

*651 First Bank Dr. Palatine, IL*
(Address)

*60067*

*991-5020*
(Telephone)

TRUST FU...

EXHIBIT A

<u>BONGI CONSTRUCTION CORP. / BARRACUDA, LLC</u>
<u>334 E. COLFAX ST., SUITE E</u>
<u>PALATINE, IL 60067</u>

<u>EMPLOYER #20446</u>

<u>JANUARY 1, 2004 – DECEMBER 31, 2007</u>

EXHIBIT

B

**BANSLEY AND KIENER**
CERTIFIED PUBLIC ACCOUNTANTS
O'HARE PLAZA
8745 WEST HIGGINS ROAD, SUITE 200
CHICAGO, ILLINOIS 60631
AREA CODE 312 263.2700

June 2, 2008

Board of Trustees
Pension and Welfare Funds of Construction and General
    Laborers' District Council of Chicago and Vicinity
11465 Cermak Rd.
Westchester, IL 60154

We have applied certain procedures, as discussed below, to the payroll records of Bongi Construction Corp. / Barracuda, LLC, a contributing employer to the Pension and Welfare Funds of Construction and General Laborers' District Council of Chicago and Vicinity, for the period January 1, 2004 to December 31, 2007. The purpose of our review was to assist you in determining whether contributions to the Trust Funds are being made in accordance with the collective bargaining agreement in effect and with the Trust Agreement of the Fund. The propriety of the contributions is the responsibility of the employer's management.

Our procedures generally include a review of the pertinent provisions of the collective bargaining agreements and comparing underlying employer payroll records to Fund contribution records. The employer records we review may include payroll journals, individual earnings records, payroll tax returns, contribution reports, job classifications, and general disbursement records. The scope of this engagement is limited to records made available by the employer and would not necessarily disclose all exceptions in employer contributions to the Trust Fund. Any compensation paid to employees not disclosed to us or made part of the written record is not determinable by us and is not included in our review.

Our procedures relate to a review of the employer's payroll records only and do not extend to any financial statements of the contributing employer. The procedures were substantially less in scope than an audit of the financial statements of the contributing employer, the objective of which is the expression of an opinion on the contributing employer's financial statements. Accordingly, no such opinion is expressed.

The exceptions to employer contributions are noted on the accompanying report.

*Bansley and Kiener, L.L.P.*

BANSLEY and KIENER, L.L.P.
Certified Public Accountants

# Laborers' District Council
## Reconciliation of Differences Per Year

| Fiscal Year Ending | 5-31 2004 | 5-31 2005 | 5-31 2006 | 5-31 2007 | 5-31 2008 | Total Due |
|---|---|---|---|---|---|---|
| Hours Not Reported - Bongi Constr. | 0.00 | 0.00 | 141.50 | 0.00 | 0.00 | 141.50 |
| Hours Not Reported - Barracuda, LLC | 349.00 | 4,818.25 | 5,808.75 | 5,932.50 | 7,718.75 | 24,627.25 |
| **Dollar Amount Due** | | | | | | |
| Welfare | 1,455.33 | 30,403.17 | 40,818.72 | 44,256.46 | 61,518.45 | 178,452.13 |
| Pension | 1,179.63 | 16,574.78 | 23,443.99 | 28,713.30 | 43,842.50 | 113,754.20 |
| Training | 59.33 | 819.12 | 1,011.57 | 1,008.54 | 1,698.15 | 4,596.71 |
| IAF | 24.43 | 337.29 | 416.54 | N/A | N/A | 778.26 |
| CAICA | N/A | N/A | N/A | 474.60 | 617.50 | 1,092.10 |
| LECET | 17.45 | 240.93 | 305.92 | 296.64 | 385.95 | 1,246.89 |
| LMDC | 41.88 | 578.19 | 734.13 | 711.90 | 926.25 | 2,992.35 |
| CISCO | 3.49 | 48.20 | 59.53 | N/A | N/A | 111.22 |
| Working Dues | 177.12 | 2,445.28 | 3,227.86 | 3,275.48 | 7,036.60 | 16,162.34 |
| **Total** | 2,958.66 | 51,446.96 | 70,018.26 | 78,736.92 | 116,025.40 | 319,186.20 |

| | |
|---|---|
| Plus previous late charges assessed by Laborers' Pension and Welfare Funds | 0.00 |
| Plus previous underpayments incurred to Laborers' District Council Funds | 0.00 |
| Plus previous penalties incurred to Laborers' District Council Funds | 0.00 |
| Audit Fee | 1,305.50 |
| Total amount due | 320,491.70 |

| | | | |
|---|---|---|---|
| Employer Name - | BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - | GREGORY ROSS |
| Employer - | 20446 | Date of Contact - | MARCH 13, 2008 |
| Date of Audit - | MARCH 31, 2008 | Telephone - | 847-980-8201 |
| Audit Period - | JAN. 1, 2004 - DEC. 31, 2007 | Auditor - | DANIEL TIMM |

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours - Barracuda, LLC

| Employer Name - | BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - | GREGORY ROSS |
|---|---|---|---|
| Employer - | 20446 | Date of Contact - | MARCH 13, 2008 |
| Date of Audit - | MARCH 31, 2008 | Telephone - | 847-980-8201 |
| Audit Period - | JAN. 1, 2004 - DEC. 31, 2007 | Auditor - | DANIEL TIMM |

| | | | 2003 | | | | | | | 2004 | | | | | Total |
| SS# | Name | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 3437 | MARAVILLA, ELIAS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 73.75 | 20.00 | 93.75 |
| 9544 | MORA, ANTONIO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.75 | 24.75 |
| 0901 | PADILLA, JUAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 18.50 | 18.50 |
| 2715 | ROSA, JUAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 148.00 | 64.00 | 212.00 |
| | Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 221.75 | 127.25 | 349.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $4.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 924.70 | 530.63 | 1,455.33 |
| Pension | $3.38 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 749.52 | 430.11 | 1,179.63 |
| Training | $0.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37.70 | 21.63 | 59.33 |
| IAF | $0.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 15.52 | 8.91 | 24.43 |
| LECET | $0.05 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11.09 | 6.36 | 17.45 |
| LMDC | $0.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 26.61 | 15.27 | 41.88 |
| CISCO | $0.01 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2.22 | 1.27 | 3.49 |
| Working Dues | $0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 112.54 | 64.58 | 177.12 |
| Total | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,879.90 | 1,078.76 | 2,958.66 |

Note: Hours worked for Elias Maravilla and Juan Rosa were determined by dividing monthly Barracuda, LLC 1099 wages by $15/hr, and rounding up to the nearest quarter hour.

Note: Hours worked for Antonio Mora and Juan Padilla were determined by dividing monthly Barracuda, LLC 1099 wages by $25/hr, and rounding up to the nearest quarter hour.

# Laborers' District Council
## Reconciliation Between Actual and Reported Gross Wages - Barracuda, LLC

| Employer Name - BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - | GREGORY ROSS |
|---|---|---|
| Employer - 20446 | Date of Contact - | MARCH 13, 2008 |
| Date of Audit - MARCH 31, 2008 | Telephone - | 847-980-8201 |
| Audit Period - JAN. 1, 2004 - DEC. 31, 2007 | Auditor - | DANIEL TIMM |

| SS# | Name | 2003 | | | | | | | 2004 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 8437 | MARAVILLA, ELIAS | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,138.75 | 580.00 | 2,718.75 |
| 9544 | MORA, ANTONIO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 717.75 | 717.75 |
| 0901 | PADILLA, JUAN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 538.50 | 538.50 |
| 2715 | ROSA, JUAN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,292.00 | 1,856.00 | 6,148.00 |
| | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,430.75 | 3,690.25 | 10,121.00 |
| Dues | Rate - 1.75% of gross wages | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 112.54 | 64.58 | 177.12 |

Note: Dues deficiencies were calculated based on scale of $29/hr.

4

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours - Barracuda, LLC

| SS# | Name | Rate | 2004 | | | | | | | 2005 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 924 | AGUILAR, ALDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 185.00 | 294.00 | 479.00 |
| 295 | AYALA, GERMAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 131.00 | 158.00 | 289.00 |
| 3114 | AYALA, MOISES | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 49.00 | 190.50 | 239.50 |
| 4327 | BLASKOVICH, MICHAEL E | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 53.50 | 53.50 |
| 977 | FECAROTTA, P | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 43.00 | 43.00 |
| 3735 | MACHUCA, EDUARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 139.50 | 139.50 |
| 655 | MATA, PEDRO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 43.50 | 43.50 |
| 613 | MOK, JOE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 30.00 | 0.00 | 0.00 | 6.00 | 36.00 |
| 3681 | MOLA, TINO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10.50 | 139.50 |
| 3544 | MORA, ANTONIO | | 82.25 | 111.00 | 71.25 | 110.00 | 50.00 | 43.50 | 0.00 | 69.50 | 90.25 | 113.75 | 194.00 | 157.00 | 1,118.50 |
| 039 | MORA, GERARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 110.00 | 110.00 |
| 901 | PADILLA, JUAN | | 89.25 | 120.50 | 82.00 | 115.50 | 0.00 | 0.00 | 0.00 | 41.00 | 69.00 | 0.00 | 47.75 | 165.00 | 620.00 |
| 334 | PALOMINO, HECTOR | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 72.00 | 0.00 | 0.00 | 0.00 | 212.00 | 385.75 |
| 586 | QUINTERO, ARMANDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 60.00 | 60.00 | 0.00 | 173.75 | 60.00 | 205.50 |
| 988 | SANDIS, JAMES | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 152.50 | 157.75 | 310.25 |
| 3957 | VALENCIA, FERNANDO | | 0.00 | 0.00 | 41.00 | 12.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 157.75 | 118.25 | 310.25 |
| 385 | VALENCIA, RAMIRO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 77.25 | 118.25 | 195.50 |
| 5642 | VAZQUEZ, ROLANDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 163.50 | 0.00 | 163.50 |
| 2206 | WILLIAMS, LENARD | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61.50 | 61.50 |
| | **Total** | | 211.50 | 344.00 | 194.25 | 237.50 | 50.00 | 43.50 | 0.00 | 488.00 | 493.00 | 113.75 | 1,173.75 | 1,469.00 | 4,818.25 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $6.31 | 1,334.57 | 2,170.64 | 1,225.72 | 1,498.63 | 315.50 | 274.49 | 0.00 | 3,079.28 | 3,110.83 | 717.78 | 7,406.36 | 9,269.39 | 30,403.17 |
| Pension | $3.44 | 727.66 | 1,183.36 | 668.22 | 817.00 | 172.00 | 149.64 | 0.00 | 1,678.72 | 1,695.92 | 391.30 | 4,037.70 | 5,053.36 | 16,574.78 |
| Training | $0.17 | 35.96 | 58.48 | 33.02 | 40.38 | 8.50 | 7.40 | 0.00 | 82.96 | 83.81 | 19.34 | 199.54 | 249.73 | 819.12 |
| IAF | $0.07 | 14.81 | 24.08 | 13.60 | 16.63 | 3.50 | 3.05 | 0.00 | 34.16 | 34.51 | 7.96 | 82.16 | 102.83 | 337.29 |
| LECET | $0.05 | 10.58 | 17.20 | 9.71 | 11.88 | 2.50 | 2.18 | 0.00 | 24.40 | 24.65 | 5.69 | 58.69 | 73.45 | 240.93 |
| LMDC | $0.12 | 25.38 | 41.28 | 23.31 | 28.50 | 6.00 | 5.22 | 0.00 | 58.56 | 59.16 | 13.65 | 140.85 | 176.28 | 578.19 |
| CISCO | $0.01 | 2.12 | 3.44 | 1.94 | 2.38 | 0.50 | 0.44 | 0.00 | 4.88 | 4.93 | 1.14 | 11.74 | 14.69 | 48.20 |
| Working Dues | $0.00 | 107.34 | 174.58 | 98.58 | 120.53 | 25.38 | 22.08 | 0.00 | 247.66 | 250.20 | 57.73 | 595.68 | 745.52 | 2,445.28 |
| **Total** | $0.00 | 2,258.32 | 3,673.06 | 2,074.10 | 2,535.93 | 533.88 | 464.50 | 0.00 | 5,210.62 | 5,264.01 | 1,214.57 | 12,532.72 | 15,685.25 | 51,446.96 |

Note: Hours worked for Rolando Vazquez were determined by dividing monthly Barracuda, LLC 1099 wages by $12/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Aldo Aguilar, German Ayala, Moises Ayala, Michael E. Blaskovich, P. Fecarotta, Eduardo Machuca, Pedro Mata, Tino Mola, Hector Palomino, Armando Quintero, James Sandis, Fernando Valencia, and Lenard Williams were determined by dividing monthly Barracuda, LLC 1099 wages by $15/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Joe Mok, Gerardo Mora, and Ramiro Valencia were determined by dividing monthly Barracuda, LLC 1099 wages by $20/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Antonio Mora and Juan Padilla were determined by dividing monthly Barracuda, LLC 1099 wages by $25/hr. and rounding up to the nearest quarter hour.

# Laborers' District Council
## Reconciliation Between Actual and Reported Gross Wages - Barracuda, LLC

| Employer Name - BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - | GREGORY ROSS |
|---|---|---|
| Employer - 20446 | Date of Contact - | MARCH 13, 2008 |
| Date of Audit - MARCH 31, 2008 | Telephone - | 847-980-8201 |
| Audit Period - JAN. 1, 2004 - DEC. 31, 2007 | Auditor - | DANIEL TIMM |

| SS# | Name | 2004 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2005 Jan | Feb | Mar | Apr | May | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 0924 | AGUILAR, ALDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,365.00 | 8,526.00 | 13,891.00 |
| 295 | AYALA, GERMAN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,799.00 | 4,582.00 | 8,381.00 |
| 3114 | AYALA, MOISES | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,799.00 | 3,799.00 |
| 4327 | BLASKOVICH, MICHAEL E | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,421.00 | 5,524.50 | 6,945.50 |
| 9577 | FECAROTTA, P | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,551.50 | 1,551.50 |
| 8735 | MACHUCA, EDUARDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,247.00 | 1,247.00 |
| 4655 | MATA, PEDRO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,696.50 | 2,349.00 | 0.00 | 0.00 | 0.00 | 4,045.50 |
| 813 | MOK, JOE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,896.50 | 2,105.50 | 0.00 | 0.00 | 0.00 | 4,002.00 |
| 681 | MOLA, TINO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 870.00 | 174.00 | 0.00 | 0.00 | 0.00 | 1,044.00 |
| 9544 | MORA, ANTONIO | 2,385.25 | 3,219.00 | 2,066.25 | 3,190.00 | 1,450.00 | 1,261.50 | 0.00 | 2,080.00 | 2,617.25 | 3,298.75 | 5,826.00 | 4,937.25 | 32,436.50 |
| 9039 | MORA, GERARDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,015.50 | 0.00 | 0.00 | 304.50 | 0.00 | 3,190.00 |
| 0901 | PADILLA, JUAN | 2,588.25 | 3,494.50 | 2,378.00 | 3,349.50 | 0.00 | 0.00 | 0.00 | 1,189.00 | 2,001.00 | 0.00 | 1,189.00 | 4,553.00 | 17,980.00 |
| 034 | PALOMINO, HECTOR | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,740.00 | 1,740.00 |
| 5686 | QUINTERO, ARMANDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,740.00 | 0.00 | 4,785.00 | 4,785.00 | 11,186.75 |
| 7968 | SANDIS, JAMES | 1,160.00 | 3,262.50 | 1,189.00 | 348.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,038.75 | 6,148.00 | 5,969.50 |
| 3357 | VALENCIA, FERNANDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,422.50 | 4,574.75 | 8,997.25 |
| 9385 | VALENCIA, RAMIRO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,240.25 | 3,429.25 | 5,669.50 |
| 5642 | VAZQUEZ, ROLANDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,741.50 | 0.00 | 4,741.50 |
| 208 | WILLIAMS, LENARD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,783.50 | 1,783.50 |
| | **Total** | 6,133.50 | 9,976.00 | 5,633.25 | 6,887.50 | 1,450.00 | 1,261.50 | 0.00 | 14,152.00 | 14,297.00 | 3,298.75 | 34,038.75 | 42,601.00 | 139,729.25 |

| Rate - 1.75% of gross wages | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Dues** | 107.34 | 174.58 | 98.58 | 120.53 | 25.38 | 22.08 | 0.00 | 247.66 | 250.20 | 57.73 | 595.68 | 745.52 | 2445.28 |

Note: Dues deficiencies were calculated based on scale of $29/hr.

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours - Bongi Construction Corp.

| Employer Name - | BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - | GREGORY ROSS |
|---|---|---|---|
| Employer - | 20446 | Date of Contact - | MARCH 13, 2008 |
| Date of Audit - | MARCH 31, 2008 | Telephone - | 847-980-8201 |
| Audit Period - | JAN. 1, 2004 - DEC. 31, 2007 | Auditor - | DANIEL TIMM |

| SS# | Name | | | | | | | 2005 | | | | | 2006 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 8741 | JARAMILLO, ANGEL | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 141.50 | 135.50 | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 309.00 |
| | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 141.50 | 135.50 | 32.00 | 0.00 | 0.00 | 0.00 | 0.00 | 309.00 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $6.88 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 970.69 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 970.69 |
| Pension | $3.94 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 557.51 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 557.51 |
| Training | $0.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.06 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 24.06 |
| IAF | $0.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 9.91 |
| LECET | $0.07 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7.08 | 6.78 | 1.60 | 0.00 | 0.00 | 0.00 | 0.00 | 15.46 |
| LMDC | $0.05 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.98 | 16.26 | 3.84 | 0.00 | 0.00 | 0.00 | 0.00 | 37.08 |
| CISCO | $0.12 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1.42 |
| Working Dues | $0.01 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 74.66 | 71.49 | 16.88 | 0.00 | 0.00 | 0.00 | 0.00 | 163.03 |
| Total | $0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,662.31 | 94.53 | 22.32 | 0.00 | 0.00 | 0.00 | 0.00 | 1,779.16 |

Note: The deficient hours in December 2005 and January 2006 are to the LECET and LMDC Funds only.

7

# Laborers' District Council
## Reconciliation Between Actual and Reported Gross Wages - Bongi Construction Corp.

| SS# | Name | | 2005 | | | | | | | 2006 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 37 | JARAMILLO, ANGEL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,266.24 | 4,085.33 | 964.80 | 0.00 | 0.00 | 0.00 | 0.00 | 9,316.37 |
| | | Total | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,266.24 | 4,085.33 | 964.80 | 0.00 | 0.00 | 0.00 | 0.00 | 9,316.37 |
| Dues | | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 74.66 | 71.49 | 16.88 | 0.00 | 0.00 | 0.00 | 0.00 | 163.03 |

Rate - 1.75% of gross wages

| | | |
|---|---|---|
| Employer Name - BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - | GREGORY ROSS |
| Employer - 20446 | Date of Contact - | MARCH 13, 2008 |
| Date of Audit - MARCH 31, 2008 | Telephone - | 847-980-8201 |
| Audit Period - JAN. 1, 2004 - DEC. 31, 2007 | Auditor - | DANIEL TIMM |

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours – Barracuda, LLC

| SS# | Name | Rate | 2005 | | | | | | | 2006 | | | | | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| ...0924 | AGUILAR, ALDO | | 278.75 | 278.75 | 168.75 | 261.50 | 196.00 | 100.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,283.75 |
| ...3295 | AYALA, GERMAN | | 157.75 | 126.00 | 58.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 341.75 |
| ...3114 | AYALA, MOISES | | 197.00 | 165.50 | 101.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 463.50 |
| ...7170 | CARUSO, TONY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.00 | 0.00 | 26.75 |
| ...8735 | MACHUCA, EDUARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 16.75 |
| ...2813 | MOK, JOE | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 72.00 | 0.00 | 0.00 | 0.00 | 0.00 | 72.00 |
| ...9681 | MOLA, TINO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 127.25 | 127.25 |
| ...9544 | MORA, ANTONIO | | 165.00 | 151.00 | 107.25 | 157.25 | 132.50 | 125.00 | 135.75 | 109.75 | 125.75 | 167.25 | 121.50 | 128.50 | 1,626.50 |
| ...8074 | MORA, DAMIAN | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 91.00 | 57.00 | 0.00 | 0.00 | 370.50 |
| ...9039 | MORA, GERARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 57.50 | 0.00 | 152.50 |
| ...3159 | MORA, HERIBERTO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.50 | 48.50 |
| ...0901 | PADILLA, JUAN | | 67.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38.50 | 38.50 |
| ...3034 | PALOMINO, HECTOR | | 0.00 | 112.00 | 0.00 | 0.00 | 0.00 | 22.75 | 7.75 | 88.00 | 24.00 | 0.00 | 0.00 | 89.75 | 274.75 |
| ...8586 | QUINTERO, ARMANDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22.75 |
| ...0895 | RODRIGUEZ, RAUL | | 0.00 | 0.00 | 0.00 | 0.00 | 17.00 | 0.00 | 7.75 | 0.00 | 0.00 | 59.00 | 0.00 | 0.00 | 334.25 |
| ...3957 | VALENCIA, FERNANDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 71.75 | 137.50 | 154.50 | 0.00 | 0.00 | 0.00 | 422.75 |
| ...9385 | VALENCIA, RAMIRO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 159.00 | 159.00 |
| ...2206 | WILLIAMS, LENARD | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31.75 | 26.75 | 0.00 | 0.00 | 0.00 | 58.50 |
| **Total** | | | 1,341.00 | 849.00 | 435.00 | 418.75 | 328.50 | 242.00 | 262.50 | 365.00 | 494.00 | 407.00 | 296.50 | 369.50 | 5,808.75 |
| Welfare | | $6.86 | 9,199.26 | 5,824.14 | 2,984.10 | 2,872.63 | 2,253.51 | 1,660.12 | 1,800.75 | 2,503.90 | 3,388.84 | 2,792.02 | 2,033.99 | 2,534.77 | 39,846.03 |
| Pension | | $3.94 | 5,283.54 | 3,345.06 | 1,713.90 | 1,649.88 | 1,294.29 | 953.48 | 1,034.25 | 1,438.10 | 1,946.58 | 1,603.58 | 1,168.21 | 1,455.63 | 22,886.48 |
| Training | | $0.17 | 227.97 | 144.33 | 73.95 | 71.19 | 55.85 | 41.14 | 44.63 | 62.05 | 83.98 | 69.19 | 50.41 | 62.82 | 987.51 |
| IAF | | $0.07 | 93.87 | 59.43 | 30.45 | 29.31 | 23.00 | 16.94 | 18.38 | 25.55 | 34.58 | 28.49 | 20.76 | 25.87 | 406.63 |
| LECET | | $0.05 | 67.05 | 42.45 | 21.75 | 20.94 | 16.43 | 12.10 | 13.13 | 18.25 | 24.70 | 20.35 | 14.83 | 18.48 | 290.46 |
| LMDC | | $0.12 | 160.92 | 101.88 | 52.20 | 50.25 | 39.42 | 29.04 | 31.50 | 43.80 | 59.28 | 48.84 | 35.58 | 44.34 | 697.05 |
| CISCO | | $0.01 | 13.41 | 8.49 | 4.35 | 4.19 | 3.29 | 2.42 | 2.63 | 3.65 | 4.94 | 4.07 | 2.97 | 3.70 | 58.11 |
| Working Dues | | $0.00 | 707.64 | 447.95 | 229.52 | 220.94 | 173.32 | 127.69 | 138.50 | 192.58 | 260.65 | 214.74 | 156.44 | 194.96 | 3,064.83 |
| **Total** | | $0.00 | 15,753.66 | 9,973.73 | 5,110.22 | 4,919.33 | 3,859.11 | 2,842.93 | 3,083.77 | 4,287.88 | 5,803.33 | 4,781.28 | 3,483.19 | 4,340.77 | 68,239.10 |

Note: Hours for Aldo Aguilar, German Ayala, Moises Ayala, Tony Caruso, Eduardo Machuca, Tino Mola, Hector Palomino, Armando Quintero, Raul Rodriguez, Fernando Valencia, and Lenard Williams were determined by dividing monthly Barracuda, LLC 1099 wages by $20/hr, and rounding up to the nearest quarter hour.

Note: Hours worked for Joe Mok, Damian Mora, Gerardo Mora, and Ramiro Valencia were determined by dividing monthly Barracuda, LLC 1099 wages by $15/hr, and rounding up to the nearest quarter hour.

Note: Hours worked for Antonio Mora, Heriberto Mora, and Juan Padilla were determined by dividing monthly Barracuda, LLC 1099 wages by $25/hr, and rounding up to the nearest quarter hour.

# Laborers' District Council
## Reconciliation Between Actual and Reported Gross Wages - Barracuda, LLC

Employer Name - BONGI CONSTR. / BARRACUDA, LLC
Employer - 20446
Date of Audit - MARCH 31, 2008
Audit Period - JAN. 1, 2004 - DEC. 31, 2007

Person Contacted - GREGORY ROSS
Date of Contact - MARCH 13, 2008
Telephone - 847-980-8201
Auditor - DANIEL TIMM

| SS# | Name | | 2005 | | | | | | | 2006 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 3924 | AGUILAR, ALDO | 8,404.31 | 8,404.31 | 5,087.81 | 7,884.22 | 5,909.40 | 3,015.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 38,705.05 |
| 3295 | AYALA, GERMAN | 4,756.16 | 3,798.90 | 1,748.70 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,303.76 |
| 3114 | AYALA, MOISES | 5,939.65 | 4,989.82 | 3,045.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13,974.62 |
| 7170 | CARUSO, TONY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 422.10 | 0.00 | 422.10 |
| 8735 | MACHUCA, EDUARDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 806.51 | 0.00 | 0.00 | 806.51 |
| 2613 | MCK, JOE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 505.01 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 505.01 |
| 9661 | MOLA, TINO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |
| 9544 | MORA, ANTONIO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,170.80 | 0.00 | 0.00 | 0.00 | 2,170.80 |
| 3074 | MORA, DAMIAN | 4,982.28 | 4,552.65 | 3,233.58 | 4,741.08 | 3,994.87 | 3,768.75 | 4,092.86 | 3,308.96 | 3,791.38 | 5,042.58 | 3,683.22 | 4,597.87 | 49,038.92 |
| 9039 | MORA, GERARDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,743.65 | 2,909.47 | 3,673.37 | 1,844.07 | 11,170.56 |
| 3159 | MORA, HERIBERTO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,186.00 | 4,477.27 |
| 0901 | PADILLA, JUAN | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,160.77 | 0.00 | 1,160.77 |
| 3034 | PALOMINO, HECTOR | 2,027.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 233.66 | 2,592.90 | 723.60 | 0.00 | 0.00 | 2,705.96 | 8,283.70 |
| 6586 | QUINTERO, ARMANDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 685.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 685.91 |
| 0895 | RODRIGUEZ, RAUL | 5,954.62 | 3,376.80 | 0.00 | 0.00 | 0.00 | 512.55 | 233.66 | 0.00 | 4,658.17 | 1,778.85 | 0.00 | 0.00 | 10,077.63 |
| 3857 | VALENCIA, FERNANDO | 3,572.77 | 474.86 | 0.00 | 0.00 | 0.00 | 0.00 | 2,163.26 | 4,145.62 | 806.51 | 1,733.62 | 0.00 | 0.00 | 12,745.90 |
| 9385 | VALENCIA, RAMIRO | 4,793.85 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,793.85 |
| 2206 | WILLIAMS, LENARD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 957.26 | 0.00 | 0.00 | 0.00 | 806.51 | 1,763.77 |
| | Total | 40,431.12 | 25,597.34 | 13,115.24 | 12,625.30 | 9,904.27 | 7,296.30 | 7,914.36 | 11,004.74 | 14,894.09 | 12,271.03 | 8,939.46 | 11,140.41 | 175,133.66 |

Rate - 1.75% of gross wages

| Dues | | 707.54 | 447.95 | 229.52 | 220.94 | 173.32 | 127.69 | 138.50 | 192.58 | 260.65 | 214.74 | 156.44 | 194.96 | 3064.83 |

Note: Dues deficiencies were calculated based on scale of $30.15/hr.

10

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours - Barracuda, LLC

| SS# | Name | Rate | 2006 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2007 Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ···8215 | CAPPIELLO, RICHARD | | 170.75 | 92.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 262.75 |
| ···7170 | CARUSO, TONY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 81.50 | 81.50 |
| ···4303 | CERVANTES, JUAN C | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 70.00 | 0.00 | 0.00 | 82.25 | 0.00 | 83.00 | 235.25 |
| ···7058 | CERVANTES SR, JUAN C | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 47.50 | 47.50 |
| ···4482 | CIKAUSKAS, DONNY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 18.50 | 35.00 | 0.00 | 0.00 | 0.00 | 94.50 | 148.00 |
| ···2973 | GARDUNO, ARTURO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 34.25 | 0.00 | 65.25 | 0.00 | 18.50 | 46.00 | 164.00 |
| ···426 | GOMEZ, HERACLIO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 48.75 | 0.00 | 0.00 | 48.75 |
| ···742 | JARAMILLO, E | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 66.00 | 0.00 | 0.00 | 66.00 |
| ···7867 | LOPEZ, EDUARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.25 | 58.50 | 140.00 | 80.00 | 86.50 | 379.25 |
| ···8735 | MACHUCA, EDUARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 14.25 | 0.00 | 0.00 | 14.25 |
| ···8786 | MOLINA, ROBERT | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 60.00 | 200.00 | 0.00 | 70.25 | 330.25 |
| ···9544 | MORA, ANTONIO | | 171.75 | 119.00 | 137.25 | 191.75 | 137.25 | 127.00 | 156.50 | 53.00 | 31.25 | 161.25 | 141.00 | 149.75 | 1,576.75 |
| ···0039 | MORA, DAMIAN | | 77.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 71.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 148.50 |
| ···2074 | MORA, GERARDO | | 137.00 | 0.00 | 178.00 | 0.00 | 143.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 458.50 |
| ···2901 | PADILLA, JUAN | | 127.00 | 143.50 | 125.25 | 167.75 | 179.75 | 93.00 | 135.75 | 0.00 | 0.00 | 191.25 | 100.00 | 69.50 | 1,332.75 |
| ···2949 | PEREZ, JORGE H | | 0.00 | 78.50 | 0.00 | 124.50 | 0.00 | 91.00 | 132.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 426.50 |
| ···5849 | RODRIGUEZ, JESUS | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 11.75 | 0.00 | 0.00 | 78.75 | 0.00 | 90.50 |
| ···8895 | RODRIGUEZ, RAUL | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 110.00 | 110.00 |
| ···8206 | WILLIAMS, LENARD | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 13.50 | 13.50 |
| | **Total** | | 684.00 | 433.00 | 440.50 | 484.00 | 460.50 | 311.00 | 618.50 | 114.00 | 215.00 | 903.75 | 418.25 | 850.00 | 5,932.50 |

| | Rate | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare | $7.46 | 5,102.64 | 3,230.18 | 3,286.13 | 3,610.64 | 3,435.33 | 2,320.06 | 4,614.01 | 860.44 | 1,603.90 | 6,741.98 | 3,120.15 | 6,341.00 | 44,266.46 |
| Pension | $4.84 | 3,310.56 | 2,095.72 | 2,132.02 | 2,342.56 | 2,228.82 | 1,505.24 | 2,983.64 | 551.76 | 1,040.60 | 4,374.15 | 2,024.33 | 4,114.00 | 28,713.30 |
| Training | $0.17 | 116.28 | 73.61 | 74.89 | 82.28 | 78.29 | 52.87 | 105.15 | 19.38 | 36.55 | 153.64 | 71.10 | 144.50 | 1,008.54 |
| CAICA | $0.08 | 54.72 | 34.64 | 35.24 | 38.72 | 36.84 | 24.88 | 49.48 | 9.12 | 17.20 | 72.30 | 33.46 | 68.00 | 474.60 |
| LECET | $0.05 | 34.20 | 21.66 | 22.03 | 24.20 | 23.03 | 15.55 | 30.93 | 5.70 | 10.75 | 45.19 | 20.91 | 42.50 | 296.64 |
| LMDC | $0.12 | 82.08 | 51.96 | 52.86 | 58.08 | 55.26 | 37.32 | 74.22 | 13.68 | 25.80 | 108.45 | 50.19 | 102.00 | 711.90 |
| Working Dues | $0.00 | 377.65 | 239.07 | 243.21 | 267.23 | 254.26 | 171.71 | 341.49 | 62.94 | 118.71 | 498.98 | 230.93 | 469.31 | 3,275.48 |
| Total | | 9,078.13 | 5,746.83 | 5,846.38 | 6,423.71 | 6,111.82 | 4,127.63 | 8,208.82 | 1,513.02 | 2,853.51 | 11,994.69 | 5,551.07 | 11,281.31 | 78,736.92 |

Note: Hours worked for Richard Cappiello, Tony Caruso, Juan C. Cervantes, Juan C. Cervantes, Sr., Donny Cikauskas, Arturo Garduno, Heraclio Gomez, E. Jaramillo, Eduardo Lopez, Eduardo Machuca, Robert Molina, Jesus Rodriguez, Raul Rodriguez, and Lenard Williams were determined by dividing monthly Barracuda, LLC 1099 wages by $15/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Damian Mora, Gerardo Mora, and Jorge H. Perez were determined by dividing monthly Barracuda, LLC 1099 wages by $20/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Antonio Mora and Juan Padilla were determined by dividing monthly Barracuda, LLC 1099 wages by $25/hr. and rounding up to the nearest quarter hour.

# Laborers' District Council
## Reconciliation Between Actual and Reported Gross Wages - Barracuda, LLC

| Employer Name - BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - GREGORY ROSS |
|---|---|
| Employer - 20446 | Date of Contact - MARCH 13, 2008 |
| Date of Audit - MARCH 31, 2008 | Telephone - 847-980-8201 |
| Audit Period - JAN. 1, 2004 - DEC. 31, 2007 | Auditor - DANIEL TIMM |

| SS# | Name | 2006 | | | | | | | 2007 | | | | | Total Wages |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | |
| 8215 | CAPPIELLO, RICHARD | 5,387.16 | 2,902.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 8,289.76 |
| 7174 | CARUSO, TONY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 930.72 | 0.00 | 0.00 | 1,640.60 | 0.00 | 0.00 | 2,571.32 |
| 9308 | CERVANTES, JUAN C | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,208.50 | 0.00 | 1,262.00 | 3,257.53 | 0.00 | 694.10 | 7,422.13 |
| 7058 | CERVANTES SR, JUAN C | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 883.40 | 0.00 | 0.00 | 615.22 | 1,498.62 |
| 0462 | CIKAUSKAS, DONNY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,606.30 | 4,606.30 |
| 2673 | GARDUNO, ARTURO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,003.42 | 0.00 | 1,262.00 | 1,908.77 | 0.00 | 0.00 | 5,174.19 |
| 7426 | GOMEZ, HERACLIO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,538.06 | 0.00 | 0.00 | 1,538.06 |
| 7742 | JARAMILLO, E | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,082.30 | 2,082.30 |
| 7867 | LOPEZ, EDUARDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,571.32 | 347.05 | 1,845.67 | 7,201.28 | 0.00 | 0.00 | 11,965.32 |
| 8735 | MACHUCA, EDUARDO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 2,083.30 | 2,083.30 |
| 5788 | MOLINA, ROBERT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 449.58 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 449.58 |
| 9544 | MORA, ANTONIO | 5,418.71 | 3,754.45 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,419.38 |
| 8074 | MORA, DAMIAN | 2,445.12 | 4,527.42 | 5,615.40 | 6,049.71 | 4,330.23 | 4,006.85 | 4,937.57 | 0.00 | 0.00 | 3,699.23 | 1,979.76 | 8,439.62 | 49,746.42 |
| 9039 | MORA, GERARDO | 4,322.35 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 863.40 | 520.57 | 0.00 | 4,685.16 |
| 4901 | PADILLA, JUAN | 4,006.85 | 2,476.67 | 3,951.63 | 2,871.05 | 4,093.61 | 2,871.05 | 0.00 | 1,104.25 | 0.00 | 982.27 | 1,151.57 | 4,472.21 | 14,465.67 |
| 5949 | PEREZ, JORGE H | 0.00 | 0.00 | 4,330.23 | 5,292.51 | 4,385.46 | 2,934.15 | 4,282.91 | 1,672.15 | 985.93 | 5,087.43 | 4,448.55 | 4,724.61 | 42,048.22 |
| 9848 | RODRIGUEZ, JESUS | 0.00 | 0.00 | 0.00 | 1,056.92 | 1,719.47 | 0.00 | 1,703.70 | 473.25 | 544.23 | 2,334.70 | 4,306.57 | 0.00 | 13,456.07 |
| 8999 | RODRIGUEZ, RAUL | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 788.75 | 1,183.12 | 2,855.27 |
| 9206 | WILLIAMS, LENARD | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 425.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 425.92 |
| | **Total** | 21,580.19 | 13,661.14 | 13,897.26 | 15,270.19 | 14,528.76 | 9,812.05 | 19,513.64 | 3,596.70 | 6,783.23 | 28,513.27 | 13,195.77 | 26,817.48 | 187,170.18 |

Rate - 1.75% of gross wages

| Dues | | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 377.65 | 239.07 | 243.21 | 267.23 | 254.25 | 171.71 | 341.49 | 62.94 | 118.71 | 498.98 | 230.93 | 469.31 | 3275.48 |

Note: Dues deficiencies were calculated based on scale of $31.55hr.

# Laborers' District Council
## Reconciliation Between Actual and Reported Hours - Barracuda, LLC

| SS# | Name | Rate | 2007 Jun | Jul | Aug | Sep | Oct | Nov | Dec | 2008 Jan | Feb | Mar | Apr | May | Total Hours |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| [redacted] | CARUSO, TONY | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 22.00 |
| [redacted] | CERVANTES, JUAN C | | 0.00 | 0.00 | 105.50 | 0.00 | 0.00 | 0.00 | 96.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 201.50 |
| [redacted] | CERVANTES, SR. JUAN C | | 0.00 | 0.00 | 105.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 105.50 |
| [redacted] | CIKAUSKAS, DONNY | | 303.50 | 200.00 | 278.00 | 164.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 946.25 |
| [redacted] | ESCAMILLA, FELICIANO | | 57.25 | 135.75 | 113.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 306.25 |
| [redacted] | ESCAMILLA, MIGUEL | | 0.00 | 104.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 104.00 |
| [redacted] | GARDUNO, ARTURO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 45.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 45.50 |
| [redacted] | GOMEZ, HERACLIO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 56.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 56.75 |
| [redacted] | HUERTA, JOSE | | 0.00 | 0.00 | 112.50 | 196.50 | 211.25 | 357.75 | 244.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,122.00 |
| [redacted] | HULL, TROY | | 0.00 | 12.75 | 0.00 | 0.00 | 0.00 | 2.00 | 40.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 55.25 |
| [redacted] | JARAMILLO, E | | 51.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 51.00 |
| [redacted] | LOPEZ, EDUARDO | | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 121.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 121.00 |
| [redacted] | MOLINA, ROBERT | | 180.00 | 137.50 | 317.50 | 300.50 | 0.00 | 55.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 991.00 |
| [redacted] | MORA, ANTONIO | | 224.25 | 195.50 | 316.50 | 189.75 | 238.75 | 155.25 | 190.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,510.50 |
| [redacted] | PADILLA, JUAN | | 211.75 | 177.75 | 188.25 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 577.75 |
| [redacted] | PEREZ, JORGE H | | 0.00 | 45.50 | 109.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 155.25 |
| [redacted] | RODRIGUEZ, RAUL | | 0.00 | 0.00 | 0.00 | 76.00 | 285.50 | 466.00 | 283.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,110.50 |
| [redacted] | SAJUAN, GERRARDO | | 0.00 | 42.00 | 69.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 111.50 |
| [redacted] | VALENCIA, RAMIRO | | 0.00 | 0.00 | 0.00 | 0.00 | 2.25 | 4.50 | 118.50 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 125.25 |
| | **Total** | | 1,027.75 | 1,050.75 | 1,716.25 | 927.50 | 737.75 | 1,041.00 | 1,217.75 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7,718.75 |
| | Welfare | $7.97 | 8,191.17 | 8,374.48 | 13,678.51 | 7,392.18 | 5,878.87 | 8,296.77 | 9,705.47 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 61,518.45 |
| | Pension | $5.68 | 5,837.62 | 5,968.28 | 9,748.30 | 5,286.20 | 4,190.42 | 5,912.88 | 6,916.82 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 43,842.50 |
| | Training | $0.22 | 226.11 | 231.17 | 377.58 | 204.05 | 162.31 | 229.02 | 267.91 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,698.15 |
| | CAICA | $0.08 | 82.22 | 84.06 | 137.30 | 74.20 | 59.02 | 83.28 | 97.42 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 617.50 |
| | LECET | $0.05 | 51.39 | 52.54 | 85.81 | 46.38 | 36.89 | 52.05 | 60.89 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 385.95 |
| | LMDC | $0.12 | 123.33 | 126.09 | 205.95 | 111.30 | 88.53 | 124.92 | 146.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 926.25 |
| | Working Dues | | 936.92 | 957.89 | 1,564.58 | 845.63 | 672.55 | 949.00 | 1,110.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7,036.60 |
| | **Total** | $0.00 | 15,448.76 | 15,794.49 | 25,798.03 | 13,941.84 | 11,089.59 | 15,647.92 | 18,304.77 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 116,025.40 |

Note: Hours worked for Jose Huerta were determined by dividing monthly Barracuda, LLC 1099 wages by $12/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Tony Caruso, Juan C. Cervantes, Juan C. Cervantes, Sr., Donny Cikauskas, Miguel Escamilla, Arturo Garduno, Heraclio Gomez, E. Jaramillo, Eduardo Lopez, Robert Molina, Raul Rodriguez, and Gerrardo Sajuan were determined by dividing monthly Barracuda, LLC 1099 wages by $15/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Jorge H. Perez and Ramiro Valencia were determined by dividing monthly Barracuda, LLC 1099 wages by $20/hr. and rounding up to the nearest quarter hour.

Note: Hours worked for Feliciano Escamilla, Troy Hull, Antonio Mora and Juan Padilla were determined by dividing monthly Barracuda, LLC 1099 wages by $25/hr. and rounding up to the nearest quarter hour.

# Laborers' District Council
## Reconciliation Between Actual and Reported Gross Wages - Barracuda, LLC

| Employer Name - | BONGI CONSTR. / BARRACUDA, LLC | Person Contacted - | GREGORY ROSS |
|---|---|---|---|
| Employer - | 20446 | Date of Contact - | MARCH 13, 2008 |
| Date of Audit - | MARCH 31, 2008 | Telephone - | 847-980-8201 |
| Audit Period - | JAN. 1, 2004 - DEC. 31, 2007 | Auditor - | DANIEL TIMM |

| | | 2007 | | | | | | | 2008 | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| SS# | Name | Jun | Jul | Aug | Sep | Oct | Nov | Dec | Jan | Feb | Mar | Apr | May | Total Wages |
| *170 | CARUSO, TONY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 729.30 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 729.30 |
| 3003 | CERVANTES, JUAN C | 0.00 | 0.00 | 3,497.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,497.32 |
| 7058 | CERVANTES SR, JUAN C | 0.00 | 3,497.32 | 0.00 | 0.00 | 0.00 | 0.00 | 3,182.40 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,679.72 |
| 1462 | CIKALAUSKAS, DONNY | 10,061.02 | 6,660.00 | 9,215.70 | 5,461.46 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 31,398.18 |
| 8959 | ESCAMILLA, FELICIANO | 1,897.83 | 4,500.11 | 3,754.23 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 10,152.17 |
| 0761 | ESCAMILLA, MIGUEL | 0.00 | 3,447.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,447.60 |
| 2973 | GARDUNO, ARTURO | 3,447.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,447.60 |
| 7426 | GOMEZ, HERACLIO | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,508.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,508.32 |
| 3381 | HUERTA, JOSE | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,881.26 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,881.26 |
| 4076 | HULL, TROY | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 66.30 | 1,765.23 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,831.53 |
| 742 | JARAMILLO, E | 0.00 | 0.00 | 3,729.37 | 6,513.97 | 7,002.93 | 11,859.41 | 8,088.60 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 37,194.28 |
| 7867 | LOPEZ, EDUARDO | 0.00 | 1,690.65 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 1,690.65 |
| 5786 | MOLINA, ROBERT | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,011.15 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,011.15 |
| 3544 | MORA, ANTONIO | 5,967.00 | 5,892.41 | 10,626.12 | 9,961.57 | 6,149.32 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 32,851.63 |
| 0901 | PADILLA, JUAN | 7,019.51 | 0.00 | 7,914.56 | 6,290.21 | 0.00 | 7,135.53 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 19,152.40 |
| 5949 | PEREZ, JORGE H | 0.00 | 0.00 | 3,306.71 | 0.00 | 1,839.82 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 5,146.53 |
| 0895 | RODRIGUEZ, RAUL | 0.00 | 0.00 | 0.00 | 2,518.40 | 9,464.32 | 15,447.90 | 9,381.45 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 36,813.07 |
| 4433 | SAJUAN, GERARDO | 0.00 | 0.00 | 2,303.92 | 0.00 | 0.00 | 0.00 | 149.17 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 3,696.22 |
| 3385 | VALENCIA, RAMIRO | 0.00 | 0.00 | 3,680.20 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 4,152.03 |
| | **Total** | 34,069.89 | 34,832.34 | 56,893.65 | 30,746.61 | 24,456.39 | 34,509.14 | 40,368.39 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 255,876.41 |

Rate - 2.75% of gross wages

| Dues | 936.92 | 957.89 | 1564.58 | 845.53 | 672.55 | 949.00 | 1110.13 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 7036.60 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|

Note: Dues deficiencies were calculated based on scale of $33.15/hr.

14

**BANSLEY & KIENER, L.L.P.**
**PAYROLL AUDIT INFORMATION SHEET**

| | | |
|---|---|---|
| EMPLOYER'S NAME | BONGI CONSTRUCTION CORP. / BARRACUDA, LLC | EMPLOYER # | 20446 |
| ADDRESS | 334 E. COLFAX ST., SUITE E | PHONE # | 847-980-8201 |
| CITY/STATE/ZIP | PALATINE, IL 60067 | FEIN # | BONGI - 36-3537566 BARRACUDA - 74-3117132 |
| DATE OF CONTACT | MARCH 13, 2008 | AUDIT PERIOD | 1/1/04-12/31/07 |
| CONTACT'S NAME | GREGORY ROSS | TITLE | ACCOUNTANT |
| PERSON FUND IS TO CONTACT | SAME AS ABOVE | TITLE | SAME AS ABOVE |
| ENTITY TYPE | BONGI - CORPORATION BARRACUDA - LLC | # OF EMPLOY. | 3 |
| BUSINESS ACTIVITY | EXCAVATION / SEWER & WATER | | |

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| GREGORY F. BONGIOVANNI | N/A | 50% | 527 W. PEREGRINE DR., PALATINE, IL |
| PHILIP V. BONGIOVANNI | N/A | 50% | 555 MONTEGO DR. ELK GROVE VILLAGE, IL |

OWNERSHIP PERCENTAGES ARE THE SAME FOR BOTH BONGI CONSTRUCTION CORP. AND BARRACUDA, LLC

BANKING FACILITIES USED AND ACCOUNT NO.    N/A

DOES EMPLOYER HAVE INTEREST IN OTHER OPERATIONS?    ☐ YES    ☐ NO

IF YES, LIST NAMES OF SAME    N/A

IS EMPLOYER A MEMBER OF ANY TRADE ORGANIZATION/ASSOCIATION?    ☐ YES    ☐ NO

IF YES, LIST NAMES OF SAME    N/A

15

**BANSLEY & KIENER, L.L.P.**
**PAYROLL AUDIT INFORMATION SHEET**

AUDIT DATE                MARCH 31, 2008

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS):    128 W. ST. CHARLES RD.
VILLA PARK, IL 60181

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF:    NO HOURS WERE AVAILABLE FOR THE INDIVIDUALS PAID AS SUBCONTRACTORS AND ISSUED A 1099 BY BARRACUDA, LLC.

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY:    NUMEROUS INDIVIDUALS WERE PAID AS SUBCONTRACTORS AND ISSUED A 1099 BY BARRACUDA, LLC.  NO CONTRIBUTIONS WERE MADE TO THE FUNDS FOR THESE HOURS AND WAGES.

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

[X] YES        [ ] NO

IF YES, EXPLAIN:    SINCE NO HOURS WERE AVAILABLE FOR THE INDIVIDUALS ISSUED A 1099 BY BARRACUDA, LLC, AN HOURLY RATE HAD TO BE DETERMINED FOR EACH INDIVIDUAL TO CALCULATE HOURS WORKED.  THE 1099 WAGES WERE DIVIDED BY EACH INDIVIDUAL'S HOURLY RATE TO CALCULATE HOURS WORKED.  THE HOURLY RATES FOR SOME OF THE INDIVIDUALS WERE ABLE TO BE DETERMINED BY THE FUNDS.  HOWEVER, THE HOURLY RATES FOR THE MAJORITY OF THE INDIVIDUALS WERE UNABLE TO BE DETERMINED.  IN THIS CASE $15/HR. WAS USED.

AUDITOR:                DANIEL TIMM

16

6/5/2008

# LABORERS' PENSION & WELFARE FUNDS

EMPLOYER    BONGI CONSTRUCTION CORP./BARRACUDA         CODE   20446

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| 1-1-04-12-31-07 ADDITIONAL HOURS | HOURS | WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | MCIAF | RATE | CAICA | RATE | LECET | RATE | CISCO | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1-1-04-5-31-04 | 349.00 | 1,455.33 | 4.17 | 1,179.62 | 3.38 | 59.33 | 0.17 | 177.12 | 41.88 | 0.12 | 24.43 | 0.07 | - | | 17.45 | 0.05 | 3.49 | 0.01 | 2,958.65 |
| 6-1-04-5-31-05 | 4,818.25 | 30,403.16 | 6.31 | 16,574.78 | 3.44 | 819.10 | 0.17 | 2,445.28 | 578.19 | 0.12 | 337.28 | 0.07 | - | | 240.91 | 0.05 | 48.18 | 0.01 | 51,446.88 |
| 6-1-05-5-31-06 | 309.00 | 970.69 | 6.86 | 557.51 | 3.94 | 24.06 | 0.17 | 163.03 | 37.08 | 0.12 | 9.91 | 0.07 | - | | 15.45 | 0.05 | 1.42 | 0.01 | 1,779.15 |
| 6-1-05-5-31-06 | 5,808.75 | 39,848.03 | 6.86 | 22,886.48 | 3.94 | 987.49 | 0.17 | 3,064.83 | 697.05 | 0.12 | 406.61 | 0.07 | - | | 290.44 | 0.05 | 58.09 | 0.01 | 68,239.02 |
| 6-1-06-5-31-07 | 5,932.50 | 44,256.45 | 7.46 | 28,713.30 | 4.84 | 1,008.53 | 0.17 | 3,275.48 | 711.90 | 0.12 | - | | 474.60 | 0.08 | 296.63 | 0.05 | - | | 78,736.89 |
| 6-1-07-12-31-07 | 7,718.75 | 61,518.44 | 7.97 | 43,842.50 | 5.68 | 1,698.13 | 0.22 | 7,036.60 | 926.25 | 0.12 | - | | 617.50 | 0.08 | 385.94 | 0.05 | - | | 116,025.36 |
| MEN NOT REPORTED | | | | | | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | | | | | | |
| SUBTOTAL | 24,936.25 | 178,452.10 | | 113,754.19 | | 4,596.64 | | 16,162.34 | 2,992.35 | | 778.23 | | ###### | | 1,246.82 | | 111.18 | | 319,185.95 |
| 10% PENALTIES | | 11,693.37 | | 6,991.17 | | 289.85 | | 1,616.23 | 299.24 | | 77.82 | | 109.21 | | 124.68 | | 11.12 | | 21,212.69 |
| 20% PENALTIES | | 12,303.69 | | 8,768.50 | | 339.63 | | | | | | | | | | | | | 21,411.82 |
| AUDIT COSTS | | 652.75 | | 652.75 | | | | | | | | | | | | | | | 1,305.50 |
| ATTORNEY FEES | | | | | | | | | | | | | | | | | | | |
| ACCUM. PENALTIES | | | | | | | | | | | | | | | | | | | |
| ACCUM. INTEREST | | | | | | | | | | | | | | | | | | | |
| TOTAL DUE | | 203,101.91 | | 130,166.61 | | 5,226.12 | | 17,778.57 | 3,291.59 | | 856.05 | | ##### | | 1,371.50 | | 122.30 | | 363,115.96 |



EXHIBIT B-1